## MELÉNDEZ *v.* THE DISTRICT COURT.

### APPLICATION for Writ of *Certiorari.*

No. 53.—Decided May 21, 1909.

MAINTENANCE—RIGHT OF OPTION—ILLIGITIMATE CHILDREN.—The father of the illigitimate child cannot claim to have the alternative refererd to in section 218 of the Civil Code, for, by supporting the child in his own dwelling, he would prevent the mother from giving it the first and most urgent care with the same means granted to the child, and therefore he would not support her as prescribed in article 190. It would be immoral, under such circumstances, for the mother and the child to go and live in the father's home.

EFFECTIVENESS OF JUDGMENT—MAINTENANCE BY PENSION.—The effectiveness of the judgment cannot be denied absolutely when what is claimed is the fulfillment of an obligation consisting in the payment of $25 a month as a pension for maintenance.

ID.—AMOUNT SECURED—INSTALMENTS OVERDUE.—As the complaint calls for the payment of monthly instalments in advance on account of a pension for maintenance, to be understood as beginning from the date of the filing of the complaint, the order to secure the effectiveness of the judgment should be limited to the monthly instalments overdue at the time application for the order to secure the effectiveness of the judgment was made, and not to the period to run until the minor attains the age of 18 years.

The facts are stated in the opinion.

*Mr. López Landrón* for petitioner.

MR. JUSTICE MACLEARY delivered the opinion of the court.

On the 7th of April last this application was made for a *certiorari* complaining of an order, made by the District Court of Guayama on the 25th of February previously, denying a motion made by the petitioner to secure the effectiveness of a judgment in a certain suit for maintenance brought by the petitioner herein on behalf of herself and her minor child the natural son of the defendant in the suit mentioned.

As the resolution of the district court fully states the case and is the basis of this petition for *certiorari* it will be inserted here and reads as follows:

"*Resolution.*—After having examined the motion, requesting the court to secure the effectiveness of the judgment, rendered in the case of *Juana Meléndez* v. *Pedro de Diego,* in which the former demands of the latter the support of her minor child Miguel, and in which motion the petitioner requests the attachment, and prohibition of sale, of so much of defendant's property as is equivalent to the total amount of the monthly payments claimed for a period of 13 years, to be reckoned from the 21st day of January, 1909, on which date the complaint was filed, and, besides, $900 which are intended for the study of a profession on the part of the minor, and $500 for costs. Concluding that the obligation to give support is distinctly personal and of a special and contingent nature, and ceases with the death of the person obliged to give the support, or that of the party receiving it, even when given in fulfillment of a final judgment; that the amount paid for the support may be increased or reduced in proportion to the resources of the former and the necessities of the latter; that the person obliged to render support may, if he. so elects, either pay the amount required to be paid, or receive and maintain in his own dwelling the person having a right to such support; and that the obligation to give support cannot constitute a charge or encumbrance upon the property of the person obliged to give the same. After having examined sections 216, 218, 219 and 220 of the Civil Code, and section one and two of the law relating to the effectiveness of judgments, approved March 1, 1902, the court finds that there is no ground for issuing an order of attachment in this case, in the form and for the amount requested."

At least one proposition in the resolution quoted is incorrect, as has been clearly settled by a former decision of this court. It is said "that the person obliged to render support may, if he so elects, either pay the amount required to be paid, or receive and maintain in his own dwelling the person having a right to such support." This, while correct as a general proposition, has no application to an illegitimate child duly acknowledged or affiliated.

It has been said by this court that:

"The father of the illegitimate child cannot claim to have the alternative referred to in article 218 of the said Code, for, by supporting the child in his own dwelling, he would prevent the mother from giving it the first and most urgent care with the same means granted to the child, and therefore he would not support her as prescribed in article 190. It would be immoral, under such circumstances, for the mother and the child to go and live in the father's home." (See *Vargas* v. *Gispert,* decided on the 4th of March, 1909.)

But even should the reasons given by the court below be ill founded, if the resolution or judgment be itself correct it should not be reversed or annulled.

Let us then examine carefully the record filed herein which was brought up from the court below on the writ heretofore issued.

Juana Meléndez on behalf of herself and of her minor son, Miguel de Diego y Meléndez, in a bill of complaint filed on the 21st of January last, prayed the District Court of Guayama to render a final judgment fixing at twenty-five dollars ($25) a month the pension that the defendant Pedro de Diego had to pay in advance every month and beginning from the date of the filing of the complaint, to his illigitimate son, Miguel de Diego y Meléndez, and the mother, Juana Meléndez, ordering the payments to be made at the proper time with costs against the defendant, Pedro de Diego.

In a writing dated the 29th of the month of January already mentioned, the same plaintiff, Juana Meléndez, prayed the aforesaid court to decree the effectiveness of the judgment applied for, ordering an attachment to be levied on the property of the defendant to secure the amount claimed with interest thereon and costs reasonably estimated, and such claim was dismissed by an order of the 4th of February following, because neither the amount claimed nor the amount of the property to be attached were stated.

In a writing dated the 17th of February the plaintiff stated that the amount claimed in the complaint, and which

she tried to secure through the attachment, was twenty-five dollars ($25) a month, payable monthly in advance from the 21st of January, 1909, during the 13 consecutive years—that is to say, until the minor attains the age of 18 years—which sum, at the rate of three hundred dollars ($300) a year, amounts to three thousand nine hundred dollars ($3,900) as principal, plus the additional sum of three yearly payments—that is to say, nine hundred dollars ($900) reasonably estimated to pursue a course of study in a decent profession—together with the costs incurred and to be incurred until the end of the litigation, including attorney's fees estimated at five hundred dollars ($500) or more. By that amendment the court was prayed to grant the order to secure the effectiveness of the judgment by means of a notice entered in the register of property in regard to the real property of the debtor with prohibition to alienate, encumber or transfer the same.

A decision was rendered thereon on February 25 denying the order of attachment in the manner and for the amount claimed, and said decision is the cause of this petition in *certiorari.*

We have examined the law approved March 1, 1902, to secure the effectiveness of judgments, and we think that, as they claim in the complaint the fulfillment of an obligation consisting in the payment of $25 a month to the plaintiff as a pension payable monthly in advance and from the date of the filing of the complaint, the remedy applied for cannot be denied absolutely, bearing in mind rule B of section two of the law in regard to the matter, in connection with section one of the same law.

A doubt may arise when fixing the amount to be secured and in order to remove it we must fix the amount, the compulsory payment of which can be demanded from the defendant.

The sum the payment of which is demanded from the defendant is twenty-five dollars ($25) a month, payable in advance from the date of the filing of the complaint, and that

must be the sum that must regulate the order to secure the effectiveness of the judgment.

It is true that the pension of $25 dollars a month that the plaintiff demands from the defendant is based on the fact that the minor, Miguel de Diego y Meléndez, was acknowledged as a natural son, but it is also true that, by virtue of that acknowledgment, the obligation to pay the pension during all the time set out in the Civil Code cannot, of course, be demanded. The payment sought for in the complaint is to be made in monthly instalments, payable in advance.

We might compare this case to a promissory note to be paid by instalments. If the payment of an instalment overdue were demanded, the order to secure the effectiveness of the judgment should be limited to the same, and should not be extended to other instalments not yet overdue, although the origin of the debt were the same. The pension claimed from Pedro de Diego is to be paid in monthly instalments, in advance, and at the time when the remedy was prayed for there was only one monthly instalment overdue, as the payments had to be understood as beginning from the date of the filing of the complaint.

For the reasons set forth, we are of the opinion that the District Court of Guayama committed an error in denying absolutely the granting of an order to secure the effectiveness of the judgment prayed for by the plaintiff, for it was proper to grant it in order to secure the payment of the first monthly instalment of twenty-five dollars ($25), without prejudice to the extension of said remedy by reason of the monthly instalments that would gradually become due during the course of the trial.

The judgment of this Court should be rendered in accordance with the principles herein set forth.

*Decided accordingly.*

Chief Justice Hernández and Justice Wolf concurred.

Justices Figueras and del Toro did not take part in the decision of this case.